## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                        ) | Case No.: 4:17-cr-67 |
| ) | |
| MAJOR WEST, JR.,          ) | |
| ) | |
| Defendant.        ) | |

## REPORT AND RECOMMENDATION

Defendant Major West, Jr. ("Defendant"), was indicted by a grand jury on June 22, 2017,

on one count of intentionally conveying false and misleading information in violation of 18

U.S.C. § 1038(a)(1). ECF No. 1.  According to the Government:

> This charge arose following the defendant's telephone call to the United States
> Navy claiming that he believed individuals were planning to place an explosive
> device onboard the USS George Washington. Following the telephone call a
> number of investigative agencies, to include the Federal Bureau of Investigation,
> the Bureau of Alcohol, Tobacco, Firearms and Explosives, the Naval Criminal
> Investigative Service, the Virginia State Police, and the Newport News Police and
> Fire Departments, responded to a number of locations to investigate the claims.
> The cost of these investigative and protective measures ran to the tens of
> thousands of dollars. During the course of the investigation, the defendant was
> identified and approached by state and federal agents. During his questioning he
> admitted to making the calls and to fabricating the report of possible explosives.

ECF No. 23 at 1.  Defendant was subsequently arrested and made an initial appearance on June

27, 2017, at which time Defendant was released on a personal recognizance bond.  ECF Nos. 5-

8.  On July 6, 2017, Defendant appeared with Supervisory Assistant Federal Public Defender

Keith Kimball ("Defense Counsel") for arraignment and entered a plea of not guilty.  ECF No. 9.

Defendant's jury trial was set for September 12, 2017.  *Id.*

On September 5, 2017, Defense Counsel filed a Joint Motion to Continue Trial informing the Court that Defendant participated in a mental competency evaluation because of Defendant's "significant mental health history and cognitive issues" and sought a continuance "*for a short period of time*" as "[t]he parties expect that [the evaluator's] findings and opinions will be a significant factors in the parties' resolution of [Defendant's] case short of trial." ECF No. 12 at 1 (emphasis added). Thus, they sought additional time to receive the competency report and "effectively pursue plea negotiations." *Id.* The Court granted the Joint Motion to Continue Trial and directed the parties to contact the Court upon receipt of the psychological evaluation to set a new trial date. ECF No. 13. Defense Counsel received the psychological evaluation report on September 18, 2017, and forwarded it to Assistant United State Attorney Eric Hurt ("Counsel for the Government") on October 2, 2017. ECF No. 18 at 3 n.1. According to the Government, on November 8, 2017, the parties began discussing possible resolution of Defendant's case in light of the report and continued those discussions until the Government filed a criminal Information nine months later, to which Defendant agreed to plead guilty. ECF No. 23 at 2.

On August 10, 2018, more than eleven months after the Court granted the Joint Motion to Continue Trial, the Government filed a criminal Information charging Defendant with one count of impeding certain officers and employees of the United States, in violation of 18 U.S.C. § 111. ECF No. 14. The Information alleges:

> On or about April 12, 2017, the defendant, MAJOR WEST, JR., did knowingly and intentionally interfere and impede a person designated under 18 U.S.C. § 1114 while engaged in their official duties, to wit: communicating a bomb threat to a member of the United States Navy and the Naval Criminal Investigative Service concerning a United States Naval vessel.

*Id.* The Court was notified that the Defendant wished to plead guilty to a violation of 18 U.S.C.

§ 111 and on September 19, 2018, the District Judge issued an Order authorizing a Magistrate Judge to conduct proceedings required by Federal Rule of Criminal Procedure 11 incident to the making of a plea. ECF No. 15. The matter was referred to the undersigned to conduct the required plea colloquy pursuant to Rule 11, which was scheduled for October 23, 2018. *See* 28 U.S.C. § 636(b)(1); *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997). On October 17, 2018, after reviewing the proposed Statement of Facts, the Court entered an Order directing counsel to be prepared to address "whether Defendant's acts were done 'forcibly' within the meaning of [18 U.S.C. § 111] at the start of the Rule 11 hearing." ECF No. 16. At the hearing, as reflected in the Court's Order, ECF No. 16, the Court raised concerns that the Statement of Facts did not support the offense to which Defendant wished to plead guilty, ECF No. 19 at 2, and the Court declined to take Defendant's plea on that basis, ECF No. 17. The Court also noted the peculiar timing in Defendant's case and questioned the Government and Defense Counsel about Speedy Trial Act implications. *Id.* at 3.

On October 24, 2018, the Court issued an Order directing the Government to: (1) show cause "why the undersigned should not issue a Report and Recommendation to the District Judge recommending dismissal of the June 22, 2017 Indictment for failing to conform with Defendant's rights under the Speedy Trial Act; and (2) show cause "why the undersigned should not issue a Report and Recommendation to the District Judge recommending dismissal of the August 10, 2018 criminal information on the grounds that the Defendant's conduct, as detailed in the Statement of Facts, does not meet the elements of 18 U.S.C. § 111(a)." ECF No. 18 at 3. On October 31, 2018, the Government filed a Motion to Dismiss the criminal Information that charged Defendant with a violation of 18 U.S.C. § 111. ECF No. 20. On November 5, 2018, the

3

Government filed a Motion to Extend Time to File a response to the Court's October 24, 2018 Order, ECF No. 21, which the Court granted, ECF No. 22. The Government filed its Response to the Court's Order to Show Cause on November 9, 2018. ECF No. 23. Defendant has not filed a reply and the time to do so has expired. Therefore, the issues raised *sua sponte* in the Court's Order, ECF No. 18, are ripe for recommended disposition.

## I. ANALYSIS

A. *The Criminal Information, ECF No. 14, Charging Defendant with Violating 18 U.S.C. § 111 Should be Dismissed.*

In accepting a defendant's plea of guilt, the Court shall ensure a defendant's plea is made knowingly, voluntarily, and intelligently, and that there exists an adequate factual basis to support a defendant's plea of guilt. *See* Fed. R. Crim. P. 11 (stating in Rule 11(b)(3) that a "court *must* determine there is a factual basis for the plea" before entering judgment on a guilty plea); *United States v. Hyde*, 520 U.S. 670, 672 (1997); *United States v. Pino*, 2018 U.S. Dist. LEXIS 150894, *3-4 (E.D. Va. 2018). In the instant case, the Court inquired "whether Defendant's acts were done 'forcibly' within the meaning of [18 U.S.C. § 111]," discussed at length during the October 23, 2018 hearing. ECF Nos. 16-17. The Government has since filed a Motion to Dismiss the criminal Information charging Defendant with a violation of 18 U.S.C. § 111, ECF No. 20, and did not address this issue in response to the Court's Order to show cause. *See* ECF No. 23. Thus, for the reasons stated the on the record, ECF No. 17, the Court **FINDS** that Defendant's conduct, as detailed in the Statement of Facts, does not meet the elements of 18 U.S.C. § 111(a), and therefore **RECOMMENDS** that the Motion to Dismiss, ECF No. 20, be **GRANTED**.

4

B. *Applicability of the Speedy Trial Act and Federal Rule of Criminal Procedure 48(b).*

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI.  Due to the imprecision of the constitutional standard for speedy trial claims, Congress enacted the Federal Speedy Trial Act which codifies when a violation occurs based on specific time limits for completing the key stages of a federal criminal prosecution.[1]  Steven M. Wernikoff, *Sixth Amendment – Extending Sixth Amendment Speedy Trial Protection to Defendants Unaware of Their Indictments*, 83 Nw. J. OF CRIM. L. & CRIMINOLOGY 804, 806 (1993).

The Speedy Trial Act requires:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).  The Government concedes that the seventy-day period has expired in Defendant's case.[2]  ECF No. 23 at 3.  As the Government notes, the Speedy Trial Act is subject to periods of exclusion, including "[a]ny period of delay resulting from a continuance granted by any judge."  18 U.S.C. § 3116(h)(7)(A).  In the instant case, the District Judge granted a continuance, but that continuance was limited for the time and purpose of receiving the

---

[1] Because the Sixth Amendment right to a speedy trial does not incorporate precise time limits within which prosecutors, once instituting a criminal prosecution, must complete it, the Supreme Court has decided that courts should handle defendants' Sixth Amendment Speedy Trial claims by considering the specific facts of each case and in light of the four-part test articulated in *Barker v. Wingo*, 407 U.S. 514, 523-30 (1972) (declining to impose an inflexible or fixed-period standard to the Sixth Amendment because that would "go farther than the Sixth Amendment requires").

[2] Despite this concession, the Government seems to argue that the time taken conducting plea negotiations following receipt of the psychological report is excludable as part of "other proceedings" under § 3161(h)(1).  ECF No. 23 at 5-6.  This argument is not well taken as the Court's Order is clear that the parties were required to contact the Court to set the case for trial immediately following receipt of the psychological report, and does not authorize a further continuance in order to engage in plea negotiations following receipt of the report.  *See* ECF No. 13.

psychological report.  ECF No. 13.  Upon receipt of the report on October 2, 2017, the parties

were charged with contacting the Court and rescheduling Defendant's case for trial.

At the October 23, 2018 hearing, the Court raised the question of whether it "*sua sponte*

[could] do anything about speedy trial or whether it ha[d] to be raised by a motion of the

defendant."  ECF No. 19 at 6-7.  The Government addressed that question in its response to the

Court's Show Cause Order by arguing that, even if a Speedy Trial Act violation has occurred, the

Court may not *sua sponte* dismiss the Indictment against Defendant under the Act.  ECF No. 23

at 3-4.  The Government explains that there are two conditions precedent for dismissal pursuant

to the Speedy Trial Act: 1) the defendant must make a motion to dismiss for a violation of

Defendant's right to a speedy trial; and 2) the Defendant prove the violation with supporting

evidence.  ECF No. 23 at 3 (citing §3162(a)(2) which states "If a defendant is not brought to trial

within the time limit required by section 3161(c) as extended by section 3161(h), the information

or indictment shall be dismissed *on motion of the defendant*.") (emphasis added).  Consistent

with this, the Government argues:

> At present there is no controversy ripe for resolution.  Absent such a motion [by
> Defendant] or controversy, the [C]ourt has no issue to resolve.  The Court's order
> of October 24, 2018, intimates that the [C]ourt has the authority to *sua sponte*
> dismiss the indictment on Speedy Trial grounds.  The United States has been
> unable to locate any authority to support such proposition.  The intimated
> authority of the [C]ourt to dismiss seems contrary to the unambiguous language of
> the statute.

*Id.* at 4.  It is unclear whether the Court has authority under § 3162(a)(2) to *sua sponte* dismiss an

indictment for a Speedy Trial Act violation absent a motion from defendant.[3]  However, the

---

[3] Although, the Court was able to locate at least one case that seemed to imply district courts may have such
authority.  The Court of Appeals for the First Circuit, in holding that the district court was not obligated to *sua
sponte* dismiss an indictment for a speedy trial violation, indicates that the district court does have the authority to
dismiss should they so choose.  *See United States v. Spagnuolo*, 469 F.3d 39, 41, 41 n.1 (1st Cir. 2006) ("We do not

Court need not resolve this issue because the Court's authority to act *sua sponte* in the immediate circumstance is clear under Federal Rule of Criminal Procedure 48(b).  *See United States v. Weinstein*, 551 F.2d 622, 628 (2d Cir. 1975).

Federal Rule of Criminal Procedure 48(b) provides, "The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial."  A court's authority under Rule 48(b) allows the court to dismiss an indictment, information or complaint against a criminal defendant on constitutional grounds.  *United States v. Goodson*, 204 F.3d 508, 513 (4th Cir. 2000) (citing *Pollard v. United States*, 352 U.S. 354, 361 n.7 (1957), which notes that Rule 48(b) provides for enforcement of the Sixth Amendment's speedy-trial right).  This authority "supplements the district court's obligation to dismiss indictments in order to protect a defendant's constitutional rights."  *United States v. Balochi*, 527 F.2d 562, 563-64 (4th Cir. 1976).  Rule 48(b) also "restates the court's inherent power to dismiss an indictment for lack of prosecution where the delay is not of a constitutional magnitude."  *Id.* (citing Fed. R. Crim. P. 48(b) advisory committee notes); *see also United States v. Mark II Elecs. of La.*, 283 F. Supp. 280, 284 (E.D. La. 1968) (concluding "that failure of the defendants to demand a speedy trial does not preclude dismissal under Rule 48(b) - on non-constitutional grounds").  Therefore, the Court has authority under Rule 48(b), absent a motion by Defendant, to dismiss the Indictment against Defendant for a speedy-trial violation or for unnecessary delay in bringing the Defendant to trial.

---

suggest that the district court may not raise the issue *sua sponte* and resolve it after notice and opportunity to be heard.").

C. *While Defendant's Constitutional Rights Have Not Been Violated by the Delay the Indictment Should Be Dismissed for Want of Prosecution Under Rule 48(b).*

In determining whether the Court should dismiss the June 22, 2017 Indictment under Rule 48(b), the Court should first determine whether Defendant's Sixth Amendment right to speedy trial has been violated. While Rule 48 is not circumscribed by the Sixth Amendment, to the extent the Sixth Amendment provides a basis for dismissal under Rule 48, the Court should determine whether such a constitutional violation occurred by considering the specific facts of the instant case in light of the four factors articulated in *Barker v. Wingo*. *See* 407 U.S. 514, 523-30 (1972); *United States v. Deleon*, 710 F.2d 1218, 1223 (7th Cir. 1983). These factors include:

(1) the length of delay;

(2) the reason for delay;

(3) defendant's assertion of his right; and

(4) prejudice to the defendant.

*Barker*, 407 U.S. at 530; *accord United States v. MacDonald*, 435 U.S. 850, 858 (1978).

1. Length of Delay

The length of delay in Defendant's case is more than considerable in light of the circumstances. Defendant was originally charged with a violation of 18 U.S.C. § 1038(a)(1), false information and hoax, and the circumstances alleged to have given rise to this charge are not complex. *See Barker*, 407 U.S. at 531 (stating that the length of delay is considered in light of the circumstances; the delay tolerable in an ordinary street crime is considerably less than for a serious complex conspiracy). The Government received the psychological report from Defense Counsel on October 2, 2017, the receipt of which triggered the parties' obligation to reset the case for trial pursuant to the Court's September 5, 2017 Order. However, almost a full year

passed before the Government took any meaningful measures to advance this case with the Court, which occurred when it filed the criminal Information on August 10, 2018. Notably, Defendant's case still has not yet been rescheduled for trial. Thus, given the circumstances of Defendant's case, the length of delay is significant.

2. Reason for Delay

Frustrating to the Court is that the parties have provided very little explanation as to why this case has languished for so long, other than to proffer in a conclusory fashion, that the parties were engaged in plea negotiations. Apparently, Defense Counsel sought first to have the Indictment dismissed through negotiation, then engaged with the Government in discussions designed to avoid a plea to a felony, ultimately arriving at a misdemeanor to which Defendant could plead. *See* ECF No. 23 at 2 ("Counsel for the [D]efendant and United States began discussing the case in light of the [psychological] report on November 8, 2017. These discussions centered on the possible resolution of the case and the [D]efendant's exposure to incarceration. These conversations were ongoing through the parties' agreement that the United States would file a misdemeanor information to which the [D]efendant would plead guilty."); ECF No. 19 at 24-26 (Defense Counsel explained that he sought through negotiation with the Government first a dismissal of the felony charge, then reduction of the charge to a misdemeanor and that "it took some time to try to find a misdemeanor that, arguably, would fit the facts as I understood them.").

The Government argues that plea negotiations are a valid reason for delay that weighs in the Government's favor. ECF No. 23 at 7 (citing *United States v. Anderson*, 902 F.2d 1105, 1110 (2d Cir. 1990); *United States v. Taylor*, 465 F.2d 1199, 1202 (10th Cir. 1972)). While this

9

may be true in the typical circumstance, this circumstance is not typical.  Notably, neither the Government nor Defendant provided the Court with any information regarding how often negotiations took place, when they took place, and why they could not have been conducted much more expeditiously.  The Court is being asked to accept that the parties were actively, vigorously and continuously pursuing plea negotiations for the better part of a year.  *See United States v. Thomas*, 55 F.3d 144, 150 (4th Cir. 1995) (agreeing with the lower court that the government had a "plausible reason for the delay").  In the absence of any further detail about what occurred during the period between receipt of the psychological report and the time the criminal Information was filed, this is a dubious proposition.

### 3. Defendant's Assertion of his Right

Regarding the third *Barker* factor, the Defendant has made no attempt to assert or vindicate his right to speedy trial under the Sixth Amendment or under the Speedy Trial Act.  The Government stated at the October 23, 2018 hearing that the parties conferred during the period of delay and concluded, for better or worse, that there was no constitutional problem caused by a delay.  ECF No. 19 at 5.  Although required, neither party sought leave of court for an additional continuance.  *Id.* ("we have erred in not having the Court make a specific finding on that issue.").  Due to the undoubtedly strange posture of this case and the lack of impetus on the part of the Defendant on this issue, the Court must conclude that this factor weighs in favor of the Government.

### 4. Prejudice to the Defendant

A defendant has three main interests which are protected by the Sixth Amendment and which may be prejudiced by a violation of a defendant's right to speedy trial.  *Barker*, 407 U.S.

10

at 532.  A defendant has an interest: (1) to prevent oppressive pretrial incarceration; (2) minimize anxiety and concern of the accused; and (3) limit the possibility that the defense will be impaired.  *Id.*; *accord MacDonald*, 435 U.S. at 858.  A showing of actual prejudice is not required in all speedy trial cases.  *United States v. Frith*, 1999 U.S. App. LEXIS 13210, at *11 (4th Cir. June 14, 1999) (quoting *Doggett v. United States*, 505 U.S. 647, 655 (1992)).  Where there are certain prejudices that may be presumed,[4] the Defendant has articulated no argument or evidence of any particular prejudice he has incurred.  In short, he has been on bond, so has not been subjected to oppressive pretrial incarceration; he has made no claim of anxiety or concern based on the delay; and he has not suggested his defense will be impaired by the delay, either through the faulty memory or unavailability of witnesses, or for any other reason.  Consequently, consistent with Defendant's position not to pursue dismissal related to the significant delay in this case, and the Court cannot infer that any prejudice to Defendant occurred.

    5. Conclusion

    In light of all the circumstances, and for the reasons articulated above, the Court cannot now conclude that the Defendant's Sixth Amendment right to a speedy trial was violated because of the delay in bringing him to trial.  This does not, however, end the inquiry under Rule 48(b).  Rule 48 is a codification of the "power inherent in all courts to dismiss for want of prosecution" and the "scope of this power encompasses more than redress of outright violations to the Sixth Amendment."  *United States v. McLemore*, 447 F. Supp. 1229, 1237 (E.D. Mich. 1978) (citing

---

[4] "There are obvious reasons why a criminal charge should be promptly tried.  If the accused is confined to jail, he should not be deprived of a part of his life awaiting trial.  Even if he is not in custody, the accused should be given the chance to prepare his defense before time and failing memory make it hard to gather evidence.  'And a prompt trial eliminates at least some of the anxiety, harassment and unfavorable publicity suffered by the innocent as well as the guilty who await the outcome of pending charges.'"  *Mark II Elec. of La., Inc.*, 283 F. Supp. at 282; *accord State v. Maldonado*, 373 P.2d 583, 585 (Ariz. 1962) (quoting Bentham, The Theory of Legislation 326 (Ogden ed. 1931)).

*United States v. Salzmann*, 417 F. Supp. 1139, 1172-74 (E.D. N.Y. 1976), *affirmed* 548 F.2d 395 (2d Cir. 1976); *United States v. Dowl*, 394 F. Supp. 1250 (D. Minn. 1975); *United States v. Mark II Elec. of La., Inc.*, 305 F. Supp. 1280 (E.D. La. 1969)).   In determining whether to dismiss a case pursuant to Rule 48, a court "must weigh not only the rights of the defendant but also those of public justice." *United States v. Palermo*, 27 F.R.D. 393, 394 (S.D.N.Y. 1961) (citing *United States v. McWilliams*, 163 F.2d 695, (D.C.C. 1947)).   "The public interest may deny delay even to the defendant who joints the prosecution in dilatory procedure.  '[The] trial of a criminal case should not be unreasonably delayed merely because the defendant does not think that it is in his best interest to seek prompt disposition of the charge.'"  *Mark II Elec. of La., Inc.*, 283 F. Supp. at 283 (alternations in original) (quoting ABA Project on Minimum Standards for Criminal Justice, *Standards Relating to Speedy Trial* at 17 (May 1967)).

Particularly troubling to the Court here is, following receipt of the psychological evaluation, the parties wholly failed, either negligently or willfully, to follow a direct Court Order to set this case for trial, and continued in that failure for a significant period of time, all the while failing to seek Court authority to toll Speedy Trial Act requirements.  It does not serve the public interest, or public confidence in the judicial system more broadly, to countenance such conduct.  While the Court does not conclude that there is a Sixth Amendment violation here, based on Defendant's failure to assert the right and demonstrate prejudice, the Court **FINDS** the Government has not established good cause for its substantial delay in bringing Defendant to trial, and the instant circumstances are sufficient to warrant dismissal for the Government's delay.

The question then becomes whether the June 22, 2017 Indictment should be dismissed

with or without prejudice.  It is widely held that courts have power under Rule 48(b) to dismiss with prejudice even absent finding a constitutional violation.  *United States v. Simmons*, 536 F.2d 827 (9th Cir. 1976), *cert. denied*, 429 U.S. 854 (1976); *United States v. Stoker*, 522 F.2d 576 (10th Cir. 1975); *United States v. Furey*, 514 F.2d 1098 (2d Cir. 1975); *United States v. Clay*, 481 F.2d 133 (7th Cir. 1973), *cert. denied*, 414 U.S. 1009 (1973).  The circumstances in this case are highly unusual, as not only did the Government fail to bring Defendant to trial—and still has not sought a trial setting in Defendant's case—but it also appears that the Government and Defendant were at best negligent in not complying with the Court's Order to reschedule Defendant's trial as directed following receipt of the psychological report.  Nonetheless, it is "well settled that a Rule 48 dismissal may rest on a non-constitutional ground, such as 'want of prosecution,' and normally such a dismissal is without prejudice."  *Clay*, 481 F.2d at 135.  Based on these circumstances, including Defendant's failure to assert his right to a speedy trial and the absence of evidence of prejudice, the undersigned **RECOMMENDS** that the June 22, 2017 Indictment, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE**.

## II. RECOMMENDATIONS

In light of the Government's Motion to Dismiss the Criminal Information, ECF No. 20, the undersigned **RECOMMENDS** that the Government's Motion be **GRANTED** and the criminal Information, ECF No. 1, be **DISMISSED**.  Additionally, the undersigned **FINDS** that the Court has authority, absent a motion by Defendant, to dismiss the Indictment against Defendant under Rule 48(b) for want of prosecution caused by the unnecessary delay in bringing the Defendant to trial.  The undersigned further **FINDS** that such delay warrants dismissal of the Indictment.  Therefore, for the reasons stated herein, the undersigned **RECOMMENDS** that the

13

United States District Judge **DISMISS WITHOUT PREJUDICE** the Government's Indictment of June 22, 2018, ECF No. 1.

### III. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2).

2. The United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *See* Fed. R. Crim. P. 59(b)(2) and (3); *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to counsel of record for the parties.

Lawrence R. Leonard
United States Magistrate Judge

Newport News, Virginia
December 13, 2018

14